IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-CR-00050-GKF-7 ) ) USM No.: 12095-062 |
| JAMES MILLER, | ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant James Miller's second pro se motion for reduction in sentence, filed May 10, 2024 [Dkt. 948] and third pro se motion for reduction in sentence, filed June 17, 2024 [Dkt. 953]. Miller moves for a reduction in sentence based on recent amendments to the federal sentencing guidelines—specifically, Amendment 821, Part A, a retroactive amendment that revised USSG § 4A1.1 to limit the impact of criminal history points attributed to defendants who commit crimes while under a criminal justice sentence; and Amendment 814, an amendment that revised USSG § 1B1.13 to expand the list of "extraordinary and compelling reasons" that support a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Plaintiff filed a response in opposition to the second motion [Dkt. 952]. Miller did not file a reply to the response, and the time to do so has expired. For the following reasons, the Court construes the second motion as seeking relief under 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2); construes the third motion as seeking relief only under (c)(2); and denies both motions.[1]

---

[1] Because Miller presents his motions without counsel, the Court liberally construes them. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). Miller's third motion appears to repeat parts of Plaintiff's response and may be a belated reply to the response rather than a third motion. Nonetheless, the Court will treat it as a motion rather than a reply. The Court has not directed Plaintiff to respond to the third motion as it presents no arguments not already addressed by Plaintiff's response to the second motion.

I.   **Background**

In 2011, Miller was serving a two-year state sentence in the custody of the Oklahoma Department of Corrections. [PSR ¶¶ 40-42.] After he was transferred from prison to a transitional center, Miller signed out for an approved job search but never returned. [*Id.* ¶ 42.] A few months later, Miller and two fellow gang members, Christopher Lewis and Marquis Devers, robbed the Tulsa Municipal Employees Federal Credit Union. [*Id.* ¶¶ 8, 12, 16.] After Lewis shot out the plexiglass partition protecting the tellers, Miller and Lewis jumped over the counter and forced two tellers to open the bank vault. [*Id.* ¶ 16; Dkt. 442, at 7.] The trio stole over $165,000 and injured one credit union employee. [PSR ¶¶ 16-17.]

In 2012, a federal grand jury returned a superseding indictment charging Miller with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count one); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (count seven); and using, carrying, brandishing, or discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (count eight). [Dkt. 96.] One year later, Miller pleaded guilty, pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement, as to one count of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, as charged in count seven. [PSR ¶ 5; Dkt. 442.] The sentencing court imposed the 180-month term of imprisonment contemplated by the plea agreement, ordered the sentence to be served consecutively to his undischarged sentence in Tulsa County District Court Case No. CF-2011-2596, and imposed a three-year term of supervised release. [Dkt. 577 at 2-3.]

As of May 20, 2024, Miller had served ten years and two months of his fifteen-year federal sentence. [Dkt. 952-1.] Miller presently is imprisoned at USP Coleman II with a projected release date of May 6, 2028. [*Id.*; Dkt. 948, at 11.]

## II.     Reduction in sentence under 18 U.S.C. § 3582(c)(2)

### A.     Applicable law

Generally, "a court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But § 3582(c)(2) provides that a "court may reduce the term of imprisonment" for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and after the court "consider[s] the factors set forth in section 3553(a) to the extent that they are applicable."

The first step in evaluating a request for sentence reduction under § 3582(c)(2) is determining whether the defendant has shown that he is eligible for a reduced sentence. *United States v. Green*, 886 F.3d 1300, 1306 (10th Cir. 2018); *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017). "Under 18 U.S.C. § 3582(c)(2), a defendant is eligible for a sentence reduction if he was initially sentenced 'based on a sentencing range' that was later lowered by the United States Sentencing Commission." *Koons v. United States*, 584 U.S. 700, 702 (2018); *see also* USSG § 1B1.10(a)(2)(B) (explaining that a reduction in sentence "is not authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in [USSG § 1B1.10(d)] is applicable to the defendant; or (B) an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range"). In evaluating whether a reduction is authorized by § 3582(c)(2), "§ 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing. 'In making such determination, the court shall substitute only the amendments listed in subsection [(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions

unaffected.'" *Dillon v. United States*, 560 U.S. 817, 827 (2010) (quoting USSG § 1B1.10(b)(1)). In this circuit, if a defendant does not show that "he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing," a "district court lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289.[2]

If a defendant is eligible for a reduced sentence, the court moves to the second step, and "the defendant must convince the district court he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)." *C.D.*, 848 F.3d at 1289-90. Those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes of the defendant . . . [and] "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). In addition, "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors." *Pepper v. United States*, 562 U.S. 476, 491 (2011). "Postsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* A defendant's "postsentencing conduct

---

[2] *But see United States v. Hald*, 8 F.4th 932, 943 n.7, 949 (10th Cir. 2021) (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement" and affirming denial of motion for compassionate release under § 3582(c)(1)(A)).

also sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence." *Id.* at 492. "At the second step, a court's decision to reduce a sentence is discretionary." *Green*, 886 F.3d at 1306-07.

### B.     Analysis and conclusion

Miller contends he is eligible for a reduced sentence because he "received 'status points' during the scoring of his Presentence Report" and Amendment 821, Part A, thus lowered his applicable guideline range. [Dkt. 948 at 3; Dkt. 953.] Plaintiff agrees that Miller is eligible for a reduction in sentence based on Amendment 821, Part A, but Plaintiff contends the § 3553(a) factors weigh against any reduction. [Dkt. 952, at 8-11.]

Part A of Amendment 821 revised USSG § 4A1.1 to limit the criminal history impact of "status points" when a defendant commits an offense while under a criminal justice sentence. USSG Supplement to App. C, at 240-41. Before this amendment, "two criminal history points were added under § 4A1.1(d) if the defendant committed the offense 'while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.'" *Id.* at 240. After the amendment, one status point is attributed to an offender who has seven or more criminal history points, and no status points are attributed to an offender who has six or fewer criminal history points. *Id.* at 240-41. The Sentencing Commission made Part A retroactive, effective February 1, 2024. USSG § 1B1.10(d), (e)(2).

Miller is eligible for a reduced sentence. Even though he pleaded guilty pursuant to a Rule 11(c)(1)(C) agreement, the sentencing records show that his agreed-upon sentence of 180 months' imprisonment was based on the guidelines. *See Hughes v. United States*, 584 U.S. 675, 688 (2018) (explaining that "in the usual case the court's acceptance of a Type–C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guidelines range"). And

5

Amendment 821, Part A, has "the effect of lowering his applicable guideline range." USSG § 1B1.10(a)(2)(B). In determining that Miller's applicable guideline range was 168-210 months, the sentencing court found that Miller had an offense level of 31 and a criminal history category of V. [PSR ¶¶ 33, 43-45, 61.] In calculating the criminal history category, the court determined that Miller had eight criminal history points and assessed two additional "status" points under USSG § 4A1.1(d) because Miller committed the offense conduct while on escape status. [*Id.* at ¶ 44.] Applying Amendment 821, Part A, Miller is eligible for a deduction of one status point, resulting in an amended total of nine criminal history points, an amended criminal history category of IV, and an amended guideline range of 151-188 months' imprisonment. USSG, Ch. 5, Pt. A (2012). Because Amendment 821, Part A lowered his guideline range, Miller is eligible for a reduced sentence.

But Miller has not convinced this Court that "he is entitled to relief in light of the applicable sentencing factors found in 18 U.S.C. § 3553(a)." *C.D.*, 848 F.3d at 1289-90. Miller contends he "does not pose a danger to the public, because he has worked to lower his recidivism risk level, by first consciously exiting the 'gang life-style'" and by asking the BOP to "house him at an inactive gang prison, so that he may change his life." [Dkt. 948 at 3.] The nature and seriousness of his offenses, his characteristics, and his postsentencing rehabilitation weigh against any reduction in sentence. Miller joined his accomplices in committing an armed robbery only a few months after he escaped from the custody of the Oklahoma Department of Corrections. Since his incarceration, Miller has continued to demonstrate his lack of respect for the law by committing numerous disciplinary infractions, including possession of a knife in 2022, possessing two homemade weapons in 2016, interfering with security devices, committing assault in 2015, disobeying orders, being insolent to staff, and refusing to work. [Dkt. 952-2.] According to the BOP, Miller has a

"high risk" of recidivism. [Dkt. 952-3.] Moreover, beyond his assertion that he has exited the gang life style, Miller submitted no evidence demonstrating successful postsentencing rehabilitation. For these reasons, the Court finds that the § 3553(a) factors weigh against any reduction in sentence.

The Court therefore declines to exercise its discretion to reduce Defendant's sentence based on Amendment 821, Part A; denies the second motion, in part, to the extent Miller seeks relief under § 3582(c)(2); and denies the third motion which seeks relief only under § 3582(c)(2).

## II. Reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i)

### A. Applicable law

Section 3582(c)(1)(A)(i) authorizes a court to

> grant a motion for reduction of sentence, whether filed by the Director of the BOP or a defendant, only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable.

*United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021).[3] A district court must address all three requirements before it grants a motion. *Id.* at 831 n.4. But a district court may deny a motion without addressing all three requirements if any one of the requirements is not met. *Id.* In *Maumau*, the Tenth Circuit concluded that "district courts . . . have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 834.

---

[3] To the extent Miller seeks relief under § 3582(c)(1)(A)(i), he is required to exhaust all administrative rights before moving for a reduction of sentence. With his Motion, Miller submitted documents showing he satisfied the exhaustion requirement. [Dkt. 948 at 8-10.] Plaintiff does not address the exhaustion requirement in the response. [Dkt. 952.]

Effective November 1, 2023, the Sentencing Commission amended the applicable policy statement, USSG § 1B1.13, rendering that policy statement applicable to defendant-filed motions seeking relief under § 3582(c)(1)(A). USSG § 1B1.13; *see also* USSG Supplement to App. C, at 205 (discussing Amendment 814 and stating: "Among other things, the amendment extends the applicability of the policy statement to defendant-filed motions; expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act.").

### B. Analysis and conclusion

Miller appears to identify two circumstances as extraordinary and compelling reasons to support his request for a reduced sentence under § 3582(c)(1)(A)(i). First, he suggests he is eligible for a reduced sentence under USSG § 1B1.13(b)(6), because he received an "unusually long sentence" and "in light of changes in law," he would receive "a shorter sentence today." [Dkt. 948 at 4.] Second, he contends a "staffing crisis" within the BOP is "causing daily lockdowns," "prevent[ing] rehabilitation program hours," and "den[ying him] a chance to lower his recidivism risk level." [*Id.*]

> Miller appears to seek application of USSG § 1B1.13(b)(6), which provides in full:
>
> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

USSG § 1B1.13(b)(6). When it amended the applicable policy statement to add subsection (b)(6), the Sentencing Commission also added subsection (c) which provides, in full:

> LIMITATIONS ON CHANGES IN LAW.—Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG § 1B1.13(c). Together, subsections (b)(6) and (c) provide guidance to district courts tasked with determining whether certain changes in the law may be considered extraordinary and compelling circumstances warranting a reduced sentence. *See* USSG Supplement to App. C, at 210 (explaining, in the official commentary to Amendment 814, that "[s]ubsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A)").[4]

The Court finds, for two reasons, that neither of the circumstances Miller describes constitute extraordinary and compelling reasons to grant his request for a reduced sentence. First, USSG § 1B1.13(b)(6) does not afford Miller relief because he did not receive an unusually long sentence and he identifies no change in the law that produces a gross disparity between the sentence

---

[4] Plaintiff contends that Miller cannot rely on USSG § 1B1.13(b)(6) because "subsection (b)(6) is contrary to § 3582(c)(1)(A)'s text, structure, and purpose, and is therefore invalid." [Dkt. 952 at 4.] Plaintiff argues that "§ 3582(c)(1)(A)'s statutory scheme confirms that the phrase 'extraordinary and compelling reasons' does not encompass changes in the law" and that the Sentencing Commission's "interpretation of the statute in subsection (b)(6) is unreasonable and therefore invalid." [*Id.* at 6.] This court has previously considered and rejected this argument. *See United States v. Brooks*, ___ F. Supp. 3d ___, 2024 WL 689766, at *5-7 (N.D. Okla. Feb. 20, 2024). The Court finds the reasoning in *Brooks* to be thorough and persuasive and rejects Plaintiff's argument here for the same reasons.

he received and the sentence he would receive today. Miller's original guideline range was 168-210 months' imprisonment and, pursuant to a plea agreement, the sentencing court imposed an agreed-upon sentence of 180 months' imprisonment which fell roughly in the middle of that range. And the only change in law Miller has identified is Amendment 821, Part A. As just discussed, that amendment lowered his applicable guideline range to 151-188 months' imprisonment. While Miller's sentence now falls closer to the high end of the amended guideline range rather than the middle of the original guideline range, that does not produce the gross disparity contemplated in subsection (b)(6). Second, the Court finds that Miller's bare assertion that frequent lock downs are preventing him from participating in rehabilitation programs does not constitute an extraordinary and compelling reason under USSG § 1B1.13(b)(5)'s "other reasons" provision.

Based on the foregoing, the Court denies the second motion for reduction in sentence, in part, to the extent Miller seeks relief under § 3582(c)(1)(A)(i).

**IT IS THEREFORE ORDERED** that Miller's second pro se motion for reduction in sentence, filed May 10, 2024 [Dkt. 948] and third pro se motion for reduction in sentence, filed June 17, 2024 [Dkt. 953] are **denied**.

**IT IS SO ORDERED** this 18th day of June, 2024.

_____
GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE